[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, United Coastal Industries, (U.C.I.) brings this action against the defendants, Clearheart Construction Company, (Clearheart)) and Mark Wichmann, (Wichmann) its project manager.
The plaintiff complains in five (5) counts[1] alleging breach of contract, nonpayment of the reasonable value for services performed, unjust enrichment, and violations amounting to Unfair Trade Practices, against both defendants.
The defendants generally deny plaintiff's allegations. Additionally, the defendant, Clearheart, counterclaims that U.C.I. breached the parties' contract, and that it engaged in actions that constituted Unfair Trade Practices; further, that U.C.I. intentionally interfered with Clearheart's contractual relationships. Clearheart also, by way of its cross claim, alleges that U.C.I. and Ronald Walker, as an individuals intentionally interfered with its contractual relationships by issuing unfounded, false and baseless charges with state agencies and news media. The factual basis for the complaint and the counterclaim follows:
The defendant, Clearheart, contracted to renovate a building previously used as a large grocery store into a retail store for use by "Toys-R-Us" as a retail store. Substantial demolition and reconstruction were involved. Further, the renovation had to be completed by a certain deadline, after which substantial monetary daily penalties would apply. To facilitate the work, Clearheart subcontracted the demolition aspect of the building reconstruction to the plaintiff, U.C.I., which included a strict completion date provision as an essential term of the contract. The plaintiff was aware that its demolition work was required to be completed before the reconstruction could proceed. Also that Clearheart had a work schedule by which its various subcontractors would begin and end their work; that the failure by one subcontractor to keep to its schedule would adversely affect the work by the other subcontractors and ultimately Clearheart's completion date.
The plaintiff, U.C.I., was essentially a one-man corporation run by Ronald Walker, its president and only permanent employee. It performed CT Page 1163 the demolition work with temporary employees and would rent equipment with operators as needed. Under the contract, U.C.I. failed to complete the demolition within the contract time period, but claims it substantially completed the required demolition except for a wall that had been painted with asbestos containing ingredients. Further, that Clearheart forced it off the job site once the contract completion date was reached.
Clearheart contends that it had no choice but to have other subcontractors complete the demolition when the completion date was reached with much remaining demolition to be carried out and U.C.I. without adequate equipment and employees to complete the contract. Clearheart specifically points to remaining heavy steel beams and masonry block bearing walls that required large, heavy lifting equipment to remove after installation of roof shoring, none of which was available on site to U.C.I. to complete the demolition.
U.C.I insists that it had completed all that was required of it by the contract except for the asbestos paint covered wall which it could not remove until the hazardous paint was removed as that required a specially licensed worker to perform that type of work. It further alleges that Clearheart ordered it, U.C.I., off the job when U.C.I. refused to remove the asbestos paint covered wall.
Clearheart admits that the asbestos painted wall required special handling that was not part of U.C.I.'s contract but that another qualified contractor was to do that work, and regarding the asbestos painted wall U.C.I.'s responsibility was only to permit use of its dumpster for the disposal of the wall debris. It refused to permit this use of the dumpster, as well as never indicating a credit to Clearheart should apply because of the removal of that asbestos wall demolition from U.C.I.'s contract.
Clearheart counterclaims that the plaintiff through its president, Ronald Walker, and Walker personally interfered in its contractual relationships by making unfounded, false and baseless allegations about the work site and conditions to state agencies and news media after U.C.I. was removed from the site when its contract termination date was reached.
Although there was testimony presented that representatives of state agencies did visit and inspected the site, no charges were ever filed against Clearheart for inappropriate work or materials removal.
On the other hand, although Clearheart officials seemed to believe that U.C.I. and/or Ronald Walker were behind the appearance of the agencies' CT Page 1164 representatives on the site, as well as the interest shown by the news media in the site, no definite evidence was presented to the court that proves that either the plaintiff or Walker were involved in prompting this interest.
All parties agree that a contract existed between U.C.I. and Clearheart and that it contained a firm completion date; that U.C.I. was ordered off the site on September 7, the contracted completion date. Also, that the contract provided for payment of $88,900.00 to U.C.I. plus a modification increasing the total to $95,400.00. None of this sum has been paid to U.C.I. Clearheart contends that U.C.I. breached its contract to finish the demolition by September 7 and that the costs to Clearheart to complete that demolition amounts to $93,060.00. Thus at most, U.C.I. might recover the difference of $1,440.00.
The court finds:
That a written contract was entered into by U.C.I. and Clearheart for certain demolition services to a building which Clearheart contracted to renovate by a date certain after which a per diem penalty applied.
That the demolition subcontract entered by the plaintiff, U.C.I., provided for a set payment upon completion of the demolition by a set date.
That U.C.I. failed to complete its demolition work by the contracted completion date. A part of the incompleted work was caused by an unknown hazardous existing condition covering a wall that was to be removed; that neither party was aware of the hazardous condition at the time of the execution of the contract.
That the remaining work of demolition that U.C.I. failed to carry out by the contractual deadline placed Clearheart in a position of defaulting on its contract or suffer substantial per diem penalties if not carried out immediately.
That Clearheart was within its contractual terms in terminating U.C.I.'s demolition involvement at the terminal date of the contract.
The court further finds that although the plaintiff, U.C.I., failed to complete the demolition set out in the contract, it did provide the defendant, Clearheart, with benefits based upon the portions of the contract it had carried out.
The court also finds that Clearheart did complete those portions of the contract that U.C.I. failed to complete to its financial detriment. CT Page 1165 However, although Clearheart presented evidence as to its expenditures in completing the demolition for which U.C.I. had contracted to do and failed to complete, Clearheart was unable to segregate those expenditures that applied specifically to the uncompleted demolition referable to the U.C.I. contract. Thus, the court is left to make that determination from all the evidence presented to it.
The court in carrying out this responsibility determines that there was due to the plaintiff the sum of $94,000.00 if it had completed its contract. That Clearheart incurred costs of $29,375.00 to complete the unfinished demolition left by U.C.I.
The court's determination of these sums is based upon the following computations:
Contracted price — $88,900.00
plus change orders net — 5,100.00
 Total $94,000.00 Work completed by Plaintiff (75%) — 70,500.00
 Less costs incurred by defendant to complete the contract:
 Balance of contract — $23,500.00 Additional costs to complete (25% of contract price) 5,875.00
 $29,375.00
Balance Due and Owing to Plaintiff — $41,125.00
With regard to plaintiff's complaint, the court finds for the plaintiff on counts two and three, and for the defendants on the remaining counts.
As to the defendant's cross claim, the court finds those issues for the plaintiff U.C.I. and for the impleaded defendant, Ronald Walker, and against the defendants.
Judgment may enter for the plaintiff in the sum of $41,125.00 without costs to either party.
Kremski, J.T.R. CT Page 1166